FILED
October 18, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003842260

4

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Susan K. Smith,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

LLOYD T. KEARNS and
DORIS T. KEARNS,

Debtors.

Case No. 10-40570-C-7
Chapter 7

DCN: DNL-6

Date: November 15, 2011
Time: 9:30 a.m.
Place: 501 I Street, 6th Floor
Courtroom 35; Dept. C
Sacramento, CA 95814

### MOTION TO SELL 1.25% TIC INTEREST

SUSAN K. SMITH ("Trustee") hereby moves for an order authorizing sale of the bankruptcy estate's 1.25% tenant-in-common interest in University Heights II. San Marcos TIC 17, LP ("TIC"), the owner of real property in San Marcos, Texas improved by an approximate 183,000 square foot, 202 unit apartment building, to AMERICAN SPECTRUM REALTY OPERATING PARTNERSHIP, L.P. ("Buyer") for $50,000, subject to overbidding at the hearing on this motion. In support thereof, it is represented that:

### FACTUAL BACKGROUND

1. This case was commenced by the filing of a voluntary Chapter 7 petition on August 2, 2010 by LLOYD T. KEARNS and DORIS T. KEARNS (hereinafter collectively "Debtors").

1

2. The Debtors' original schedules were filed on August 2, 2010 and amended on September 23, 2010, November 19, 2010, and February 14, 2011.

3. The February 14, 2011 schedules estimates the value of the Debtors' 1.25% interest in the TIC at $77,500, subject to neither claim of lien nor claim of exemption. The Debtors purchased the interest for $136,600 on July 26, 2006.

4. Trustee's investigation of the value of the interest includes: (a) reviewing documents received from the Debtors; (b) conversations with the TIC management; (c) reviewing comparable sales data; (d) negotiating with the Buyer; and (e) direct efforts to solicit offers from the other tenants in common. In Trustee's opinion, approving the proposed $50,000 sale to the Buyer would be in the best interests of the estate.

5. The remaining 98.75% of the TIC is held by 27 other owners and groups of owners, ranging from 0.9259% (Rothschild, Allen and Rikeard) to 8.3% (McGowan).

6. Trustee has provided 2 e-mail notices to the other owners. On August 21, 2011, Trustee solicited purchase offers. On September 2, 2011, Trustee advised of her intent to accept the Buyer's $50,000, subject to overbid and court approval, and offering the choice between email and regular mail service of the moving papers.

7. Paragraph 7 of the underlying Tenants in Common Agreement ("TCA") permits a sale of the Debtors' interest in the TIC, provided that, in essence, the purchaser takes title subject to the same obligations owed by the Debtors to the TIC's lenders and other owners. In the case at bar, Trustee proposes to convey the estate's interest in the TIC to the Buyer, or designees, by quitclaim deed as to real property and bill of sale as to personal property.

8. Paragraph 10 of the TCA provides for a different sale procedure, only be applicable in the event of the bankruptcy of a tenant in common, that, in essence, affords the other tenants in common a right of first refusal, with price set by appraisal, and disputes resolved by arbitration in Texas. In the case at bar, despite efforts to engage the other owners directly and through TIC management, Trustee has received neither offers nor objection from the other owners. Trustee has received an inquiry from an owner who was also interested in selling an interest.

## BASIS FOR RELIEF

9. Trustee may, after notice and a hearing, sell property of the estate outside of the ordinary course of business. 11 U.S.C. § 363(b)(1). This motion is a core proceeding. 28 U.S.C. § 157(b)(2)(N). Notice must be given pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 2002(a)(2), (c)(1), (i), and (k). FRBP 6004(a).

10. Trustee has provided at least 21 days notice to the debtor, all creditors, and the Office of the United States Trustee. FRBP 2002(a)(2); (l). In addition, Trustee has provided notice to the 27 other TIC owners and groups of owners. The notice includes the time and place of the proposed public sale, describes the TIC and the proposed terms of sale, and the time fixed for filing objections. FRBP 2002(c)(1). Since no committee has been appointed, such notice is not required. FRBP 2002(i).

11. Under 11 U.S.C. § 541(c)(1)(A)-(B), "an interest of the debtor in property becomes property of the estate . . . notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law that restricts or conditions transfer of such interest by the debtor; or that is conditioned on the insolvency . . . of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title . . ., and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property. The 9th Circuit has read section 541(c)(1) broadly to include not only contract provisions but also any provision of nonbankruptcy law. *In re Computer Communications Inc. v. Computer Communications, Inc.*, 824 F.2d 725, 730 (9th Cir. 1987). Moreover, virtually all property interests of a debtor are property of the estate irrespective of any restriction or conditions on transfer. *In re Lau Capital Funding, Inc. v. Knupfer*, 321 B.R. 287, 295 (Bankr. C.D. Cal. 2005). Thus, the Debtors' ownership interest in the TIC became property of the estate regardless of any transfer restrictions in the corporate bylaws.

12. Pursuant to 11 U.S.C. §365(e), contractual rights and obligations may not be terminated or modified at any time after the commencement of a bankruptcy case solely because of a provision in such contract or lease that is conditioned on: (a) the insolvency or financial condition of the debtor; (b) the commencement of a bankruptcy case; or (c) the appointment of

or taking possession by a trustee in a case under this title or a custodian before such commencement. See also *In re Southern Pacific Funding Corp.* 268 F.3d 712, 716 (9th Cir. 2001); and *Bruder v. Peaches Records & Tapes, Inc. (In re Peaches Records & Tapes, Inc.)*, 51 B.R. 583, 587 n. 6 (9th Cir. B.A.P. 1985). A termination or modification clause in a contract which is triggered by the filing of a bankruptcy case is expressly denounced and is unenforceable pursuant to 11 U.S.C. 365(e)(1)(B). *In re Texaco Inc.*, 73 B.R. 960, 965 (Bankr. S.D. N.Y 1987); see *Bruder, supra*, 51 B.R. at p. 587 n. 6; *In re Rittenhouse Carpet, Inc.* 56 B.R. 131 (Bankr. E.D.Pa. 1985); *Chera v. 991 Boulevard Reality Corp. (In re National Shoes, Inc.)*, 20 B.R. 55 (Bankr. S.D.N.Y. 1982); *In re Daugherty Construction Inc.*, 188 B.R 607, 612-13 (Bankr. D. Neb. 1995). The purpose of section 365(e)(1) is to protect the debtor from enforcement against it of unfavorable insolvency triggered contract provisions. *Southern Pacific Funding Corp., supra*, 268 F.3d at p. 716. Thus, the Debtors' ownership interest in the TIC is property of the estate, and the institution of bankruptcy proceedings cannot terminate the estate's interest by forcing the Trustee to sell that interest to the other tenants in common.

13. In short, while Trustee recognizes that there is case law supporting the validity of transfer restrictions in certain situations, such case law does not support binding the Trustee to an a sale procedure, including out of state arbitration, that would only apply because the Debtors filed bankruptcy. In the case at bar, even if the ipso facto provision were enforceable, despite 2 prior notices from Trustee, there has been no objection by the other tenants in common.

WHEREFORE, Trustee prays that the motion be granted, and for such other and further relief as is necessary and proper.

Dated: October 10 2011  **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
J. RUSSELL CUNNINGHAM
Attorneys for Susan K. Smith, Chapter 7 Trustee

4