FILED
October 24, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003854243

3

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Susan K. Smith,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

LLOYD T. KEARNS and
DORIS T. KEARNS,

Debtors.

Case No. 10-40570-C-7
Chapter 7

DCN: DNL-6

Date: November 15, 2011
Time: 9:30 a.m.
Place: 501 I Street, 6th Floor
Courtroom 35; Dept. C
Sacramento, CA 95814

### DECLARATION OF SUSAN K. SMITH IN SUPPORT OF MOTION TO SELL 1.25% TIC INTEREST

I, SUSAN K. SMITH, declare that:

1. I am the trustee appointed for the above-captioned case. If called as a witness, I could and would competently testify to the matters set forth in this declaration, from my own personal knowledge, unless otherwise stated.

2. This case was commenced by the filing of a voluntary Chapter 7 petition on August 2, 2010 by LLOYD T. KEARNS and DORIS T. KEARNS (hereinafter collectively "Debtors").

3. The Debtors' original schedules were filed on August 2, 2010 and amended on September 23, 2010, November 19, 2010, and February 14, 2011.

4. I have entered into 2 separate agreements to sell the bankruptcy estate's 1.25% tenant-in-common interest in University Heights II. San Marcos TIC 17, LP ("TIC"), the owner of real property in San Marcos, Texas improved by an approximate 183,000 square foot, 202 unit apartment

1

building: (a) the first, dated October 7, 2011, with the *TIC's former manager*, AMERICAN SPECTRUM REALTY OPERATING PARTNERSHIP, L.P. ("Buyer"), for $50,000; and (b) the second, dated October 24, 2011, with ROBERT D. McGOWAN ("Over-Bidder"), whose 8.30% interest in the TIC is the *single largest ownership block*. Copies of my agreements with the Buyer and the Over-Bidder are filed herewith as **Exhibits A** and **E**, respectively.

5. The February 14, 2011 schedules estimate the value of the Debtors' 1.25% interest in the TIC at $77,500, subject to neither claim of lien nor claim of exemption. Documents produced to me by the Debtors reflect that they purchased the interest for $136,600 on July 26, 2006.

6. My investigation of the value of the interest includes: (a) reviewing documents received from the Debtors; (b) conversations with both the former and current TIC management; (c) speaking with the broker who sold the Debtors their interest in the TIC; (d) reviewing comparable listing and sales data and speaking with at least 3 real estate agents involved in those efforts and transactions; (e) negotiating with the Buyer; and (f) direct efforts to solicit offers from the other tenants in common. In my opinion, approving the proposed $51,000 sale to the Over-Buyer would be in the best interests of the estate.

7. I am informed by TIC management that the remaining 98.75% of the TIC is held by 27 other owners and groups of owners, ranging from 0.9259% (Rothschild, Allen and Rikeard) to 8.3% (McGowan). A copy of a contact list provided to me by TIC management is filed herewith as **Exhibit B**.

8. I have provided 2 e-mail notices to the other owners. On August 21, 2011, I solicited purchase offers. On September 2, 2011, I advised of my intent to accept the Buyer's $50,000, subject to overbid and court approval, and offering the choice between email and regular mail service of the moving papers. Copies of messages are filed herewith as **Exhibit C**.

9. Paragraph 7 of the underlying Tenants in Common Agreement ("TCA") permits a sale of the Debtors' interest in the TIC, provided that, in essence, the purchaser takes title subject to the same obligations owed by the Debtors to the TIC's lenders and other owners. A copy of the TCA is filed herewith as **Exhibit D**. I am proposing to convey the estate's interest in the TIC

2

to the Buyer, or designees, by quitclaim deed as to real property and bill of sale as to personal property.

10. Paragraph 10 of the TCA provides for a different sale procedure only applicable in the event of the bankruptcy of a tenant in common, that, in essence, affords the other tenants in common a right of first refusal, with price set by appraisal, and disputes resolved by arbitration in Texas. Through October 19, 2011, I had received neither offers nor objection from the other TIC owners. I did receive an inquiry from another owner who was also interested in selling his TIC interest and had requested the name of the Buyer.

11. On October 19, 2011, Sean O'Brien of The Woodlark Companies, the TIC's current manager, advised me by e-mail message that: (a) the Buyer had been *fired as prior manager* of the TIC; (b) other TIC owners were concerned about the Buyer's proposed purchase; and ( c) the TIC's lender won't approve the Buyer as purchaser of the Debtors' interest in the TIC. A copy of O'Brien's October 19, 2011 message is attached as **Exhibit F**.

12. I disagree with O'Brien's conclusion that lender approval is necessary because: (a) Paragraph 7 only requires that the Buyer take the interest *subject to the same obligations* owed by the Debtors to the lender; and (b) at no prior time has any other person involved with the TIC taken that position.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed this 24 day of October 2011, at Sacramento, California.

SUSAN K. SMITH

3