FILED
October 24, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003854244

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Susan K. Smith,
Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

In re:

LLOYD T. KEARNS and
DORIS T. KEARNS,

Debtors.

Case No. 10-40570-C-7
Chapter 7

DCN: DNL-6

Date: November 15, 2011
Time: 9:30 a.m.
Place: 501 I Street, 6th Floor
Courtroom 35; Dept. C
Sacramento, CA 95814

**EXHIBITS SET TWO TO THE MOTION TO SELL 1.25% TIC INTEREST**

Attorney, J. Russell Cunningham for Chapter 7 Trustee Susan K. Smith, submits the following exhibits:

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| E | Sale Agreement | 2 - 3 |
| F | October 19, 2011 Sean O'Brien email to Susan Smith | 4 |

Dated: October 24, 2011

DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
J. RUSSELL CUNNINGHAM
Attorneys for Susan K. Smith, Chapter 7 Trustee

1

# SALE AGREEMENT

SUSAN K. SMITH ("Trustee"), in her capacity as trustee for the bankruptcy of LLOYD T. KEARNS and DORIS T. KEARNS (hereinafter collectively "Debtors"), and ROBERT D. McGOWAN TRUST DATED 8/25/2003 ("Buyer") recite and agree as follows:

A. The Debtors are the debtors in Bankruptcy Case No. 10-40570-C-7, commenced on August 2, 2010 under Chapter 7. Trustee is the duly appointed trustee for the estate.

B. The estate includes a 1.25% tenant-in-common interest in University Heights II. San Marcos TIC 17, LP ("Subject Property"), the owner of real property in San Marcos, Texas improved by an approximate 183,000 square foot, 202 unit apartment building.

C. Buyer has agreed to buy and Trustee has agreed to sell the Subject Property.

D. Buyer understands and agrees that certain disclosures otherwise required in the sale of real property are not required by Trustee, as a fiduciary administering a bankruptcy estate.

E. Buyer acknowledges that Trustee has made no statements, representations, warranties, written or oral, express or implied, with respect to the physical, legal, economic or other condition of the Subject Property or the suitability of the Subject Property for Buyer's purposes, and by proceeding to closing, Buyer hereby acknowledge that Buyers are familiar with the Subject Property, and have conducted such investigation of the Subject Property as Buyer has deemed necessary and appropriate.

NOW THEREFORE, for good and valuable consideration, including the mutual promises recited herein, and subject to Bankruptcy Court approval and overbidding, the parties hereto agree as follows:

1. The purchase price shall be $51,000 payable as follows: (a) a $5,000 deposit that shall be non-refundable in all event except that the Buyer is out bid or this Sale Agreement is not approved by the Bankruptcy Court; and (b) the $46,000 balance within 30 calendar days of entry of the order approving this Sale Agreement. In the event that the Bankruptcy Court approves this Sale Agreement, but the Buyer does not close for any reasons, other than a failure by Trustee to convey the Subject Property, Trustee, as her sole remedy, shall retain the deposit as liquidated damages.

Exhibit E

2

2. Trustee shall convey the estate's interest in the Subject Property to the Buyer, or designee, by quitclaim deed as to real property and bill of sale as to personal property. There shall be no contingencies to the close of escrow. The Buyer shall bear all closing costs, transfer tax, and accrued real property taxes, if any.

3. Trustee may entertain other offers and reserve the right to accept any of them through the conclusion of the hearing.

4. Buyer acknowledges and understands that any disputes related to this transaction shall be decided, if necessary by the Bankruptcy Court for the Eastern District of California (Sacramento Division) only, and no other tribunal. The prevailing party shall be entitled to recover attorney fees and costs.

**IN ACCEPTANCE OF WHICH**, the parties hereto execute this agreement on the day and year set forth below.

KEARNS BANKRUPTCY ESTATE

DATED: October 24, 2011 _____
Susan K. Smith, Chapter 7 Trustee

**ROBERT D. McGOWAN TRUST DATE 8/25/2003**

DATED: October 20, 2011 _____
By: Robert D. McGowan
Its: Trustee

From: Sean O'Brien <sobrien@wlfund.com>
Date: October 19, 2011 8:40:26 AM CDT
To: Susan Smith <sksmith3@earthlink.net>
Subject: **RE: Bankruptcy Estate of Lloyd and Doris Kearns 10-40-570-C-7**

Susan,

I misspoke last week; I had this confused with another property. You should have received a distribution in August and September, and will be receiving another tomorrow for October.

Also, the other Owners have expressed concern that a company called American Spectrum Realty is buying this TIC interest out of bankruptcy. Is that true? You know that all transfers are subject to Lender approval, and the Lender isn't going to approve ASR. They were the manager that got fired before our involvement.

Sean

**Exhibit F**
4